1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  THURMAN DEE PAYNE,                          CV F   05-0926 OWW DLB HC

10                    Petitioner,             FINDINGS AND RECOMMENDATIONS
                                              REGARDING PETITION FOR WRIT OF
11        v.                                  HABEAS CORPUS

12                                            [Doc. 1]
    PAUL SCHULTZ,
13
                          Respondent.
14  _____/

15

16        Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2241.

18        Petitioner filed the instant petition on July 19, 2005.  Petitioner indicates that he is

19  currently incarcerated at the United States Penitentiary in Atwater, California serving a

20  conviction from the United States District Court of El Paso, Texas for conspiracy to distribute

21  marijuana.  Petitioner indicates that he has previously filed a § 2255 motion, and that the relief is

22  inadequate and ineffective.

23                                    JURISDICTION

24        A federal prisoner who wishes to challenge the validity or constitutionality of his

25  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

26  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

27  Smith, 719 F.2d 938, 940 (8th Cir.1983);  In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

28  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*

1  *court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

2  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

3  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

4  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

5       In contrast, a federal prisoner challenging the manner, location, or conditions of that

6  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

7  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d

8  175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

9  United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,

10  478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);

11  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

12       In this case, Petitioner is challenging the effectiveness of his trial counsel.  Therefore, the

13  appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition

14  pursuant to § 2241.

15       Petitioner's claims are precluded from federal review unless Petitioner can show that §

16  2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell,

17  204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)

18  (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

19  inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

20  exception. Id; Holland v. Pontesso, 2000 WL 1170161 (9th Cir. 2000) (Section 2255 not

21  inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85

22  S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255

23  inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at

24  1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255

25  petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope,

26  229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001)

27  (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28

28  U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or

ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner indicates that he previously filed a § 2255 motion which was denied on August 23, 2004.  (Petition, at 4.)  Petitioner indicates that he challenged the lack of jurisdiction and that the waiver of the indictment was invalid.  (<u>Id</u>.)  In an attempt to demonstrate that § 2255 is inadequate or ineffective, Petitioner contends that the district court failed to comply with the requirement of § 2255 by failing to give him the opportunity to amend or supplement his § 2255 motion.  Petitioner further contends that he cannot seek permission to file a successive § 2255 motion, as there is no newly discovered evidence or new rule of constitutional law.  Rather, the claims were available to Petitioner during his direct appeal, however, due to counsel's error it was never raised.

First, Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective.  As Petitioner fully acknowledges the claims of which he seeks to raise in the instant petition could have been raised to the sentencing court.  Petitioner cites no authority for proposition that the sentencing court must allow him the opportunity to amend the § 2255 motion.  Further, Petitioner does not indicate whether he has in fact sought further review of the instant claims in the sentencing court.  Additionally, Petitioner's claim that he cannot seek permission to file a successive § 2255 motion is pure speculation on his part and does not render the process inadequate or ineffective to address his claims.  As previously stated, a bar on successive petitions is not sufficient to show that § 2255 is inadequate or ineffective.

Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court.  Accordingly, the petition should be dismissed.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus be DISMISSED; and

2.      The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 16, 2005**             **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE